IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

HENRY JONES, #226 148            *

    Plaintiff,            *

    v.            *            2:11-CV-164-TMH
                                        (WO)

DR. ALLEN JONES, *et al.*,            *

    Defendants.            *

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate incarcerated at the Staton Correctional Facility in Elmore, Alabama, brings this 42 U.S.C. § 1983 action against Defendants Dr. Allen Jones and Baptist South Medical Center. Plaintiff alleges that Defendants were negligent and committed medical malpractice in violation of his constitutional rights. He seeks punitive and compensatory damages totaling $2 million. Upon review of the complaint, the court concludes that dismissal of this case prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[1]

**I. DISCUSSION**

In April 2008 Dr. Jones surgically removed a stye on Plaintiff's left eyelid. At the

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

follow up exam, Dr. Jones asked Plaintiff to open his eye but Plaintiff was unable to do so. In response, Dr. Jones said, "Oh sh__, I may have cut out some of your eye muscle, but I can fix that." Plaintiff agreed to the corrective surgery. This second surgery took place within a week of the follow up visit. During the second surgery, Dr. Jones sewed Plaintiff's eyelid to his eyeball which severely impacted the mobility of Plaintiff's left eye. Dr. Jones informed Plaintiff that he could correct this error as well and proceeded to make a third surgical appointment for Plaintiff in October 2008. Physicians at the Staton Correctional Facility, however, refused to send Plaintiff back to Dr. Jones, preferring to send Plaintiff to a doctor who "knew what he was doing." In March 2009 a doctor in Dothan, Alabama, examined Plaintiff. The physician informed Plaintiff that Dr. Jones had damaged his eye and advocated a third surgery to implant a "punctureal plug" designed to help hold water in Plaintiff's eye. According to the Dothan physician, Dr. Jones had cut out Plaintiff's lachrymal gland (the gland that holds tears). (*Doc. No. 1*.)

Plaintiff asserts claims of negligence and malpractice against Defendants with respect to the actions described in his complaint. In order to prevail on an Eighth Amendment claim for deprivation of medical care, a prisoner must show that the defendants acted with deliberate indifference to his health. *Estelle v. Gamble,* 429 U.S. 97 (1976); *Taylor v. Adams*, 221 F.3d 1254, 1258 (11th Cir. 2000); *McElligott v. Foley*, 182 F.3d 1248, 1255 (11th Cir. 1999. Whether Plaintiff received the treatment he felt he should have is not the issue. *Estelle v.* Gamble, 429 U.S. at 105*; Woodall v. Foti,* 648 F.2d 268 (5th Cir. 1981).

Unsuccessful medical treatment does not give rise to a § 1983 cause of action. *Murphy v. Turpin,* 159 Fed. Appx. 945 at fn. 4, (11th Cir.2005) ("[W]here a prisoner has received medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims that sound in tort law."). Negligence, neglect, or medical malpractice does not rise to the level of a constitutional violation. *Estelle,* 429 U.S. at 106 ('Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.'); *Mandel v. Doe*, 888 F.2d 783, 787-88 (11th Cir. 1989) (mere negligence or medical malpractice "not sufficient" to constitute deliberate indifference); *Waldrop v. Evans*, 871 F.2d 1030, 1033 (11th Cir. 1989) 1033 (mere medical malpractice does not constitute deliberate indifference); *see also Brinton v. Gaffney,* 554 F. Supp. 388, 389 (E.D. Pa.1983) (A § 1983 claim "does not lie if a prisoner's complaint is directed at the wisdom or quality of the medical treatment he received in prison, even if that treatment is so negligent as to amount to medical malpractice.").

Plaintiff's claims that Defendants were negligent and committed medical malpractice with regard to the medical procedures performed on his eye in 2008 do not rise to the level of a constitutional violation. Because Plaintiff's claims have no arguable basis in fact or in law, the complaint should be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's complaint be DISMISSED as frivolous pursuant to 28 U.S.C. §

1915(e)(2)(B)(i) *and without prejudice to any state law claims for negligence and/or medical malpractice*;

    2.  This complaint be DISMISSED prior to service of process.

 It is further

ORDERED that the parties are DIRECTED to file any objections to the Recommendation on or before **April 19, 2011**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 5th day of April 2011.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE