IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| HENRY JONES, # 226 148, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:11-CV-164-WKW |
| | ) | |
| DR. ALLEN JONES, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER ADOPTING RECOMMENDATION**

On April 5, 2011, the Magistrate Judge filed a Recommendation (Doc. # 5) to dismiss Plaintiff's 42 U.S.C. § 1983 claim prior to service of process pursuant to 28 U.S.C. § 1915(e)(2)(B), and without prejudice to any state law claims for negligence and/or medical malpractice. Plaintiff has filed a timely Objection to the Recommendation. (Doc. # 7.) The court reviews *de novo* the portion of the Recommendation to which the Objection applies. 28 U.S.C. § 636(b)(1). For the reasons that follow, the Objection is due to be overruled and the Recommendation adopted in part.

The thrust of Plaintiff's Objection is that he can "prove his claims." (Doc. # 7, at 1.) However, there appears to be some confusion regarding Plaintiff's basis for relief. Although the Complaint was filed on an inmate § 1983 template, Plaintiff makes no reference to any violation of constitutional rights in his factual narrative and

he lists "medical malpractice and negligence" as his only grounds for relief. (Doc. # 1.) It appears that the only nexus between Plaintiff's allegations and § 1983 is the fact that Plaintiff filed his Complaint on an inmate § 1983 template. Because the court is to liberally construe *pro se* pleadings, *see H&R Block E. Enters. v. Morris*, 606 F.3d 1285, 1288 n.1 (11th Cir. 2010), Plaintiff's Complaint will be construed as alleging a § 1983 claim and state law claims for negligence and medical malpractice.

Pursuing a § 1983 and Eighth Amendment denial of medical treatment claim requires a showing of deliberate indifference by a state actor to the prisoner's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Taylor v. Adams*, 221 F.3d 1254, 1258 (11th Cir. 2000). As set forth by the Magistrate Judge, unsuccessful treatment, or even negligence or medical malpractice, does not meet the constitutional standard of deliberate indifference by a state actor. (Doc. # 5, at 3.) Taking as true Plaintiff's factual allegations, the court finds that there is no factual or legal support for § 1983 relief,[1] and Plaintiff's § 1983 claim will be dismissed. Furthermore, the court will decline to exercise supplemental jurisdiction, pursuant to 28 U.S.C. § 1367(c), over Plaintiff's negligence and medical malpractice claims.[2]

Accordingly, it is ORDERED:

---

[1] The Magistrate Judge's reference to "frivolous" refers to application of legal standards to the Eighth Amendment claim. It is not a reference to Plaintiff's injuries.

[2] Plaintiff is reminded that "the period of limitations for [his negligence and medical malpractice claims] . . . shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period." 28 U.S.C. § 1367(d).

1. The Magistrate Judge's Recommendation (Doc. # 5) is ADOPTED in part;

2. The Objection (Doc. # 7) is OVERRULED;

3. Plaintiff's § 1983 claim (Doc. # 1) is DISMISSED prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B); and

4. Supplemental jurisdiction over Plaintiff's negligence and medical malpractice claims is DECLINED, pursuant to 28 U.S.C. § 1367(c).

DONE this 27th day of June, 2011.

                                /s/ W. Keith Watkins
                            CHIEF UNITED STATES DISTRICT JUDGE